UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE LEE, AS TRUSTEE OF THE FUN SEN LEE TRUST AND ESTHER ZEE LEE, AS TRUSTEE LEE FAMILY TRUST<br><br>Defendants. | Civil Action No. 20- 11796 |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND MEMORANDUM OF LAW INCORPORATED HEREIN

NOW COMES the Defendant, Catherine Lee, as Trustee of the Fun Sen Lee Trust, (hereinafter "Defendant"), and hereby moves this Honorable Court to Dismiss the Plaintiff's Complaint against the Defendant pursuant to Mass. R. civ. P. rules 41(b)(2) for failure to comply with the rules or any order of the Court as articulated in Verdone v. Verdone, 345 Mass. 773 (1963), specifically failure to comply with Rule 4 and Rule 7 of the Massachusetts Rules of Civil Procedure; and thus the Defendant must be dismissed under both the Federal and Massachusetts Rules of Civil Procedure 12(b)(2) personal jurisdiction; 12(b)(4) insufficiency of process; 12(b)(5) insufficiency of service of process, and 12(b)(8)misnomer of a party. The Defendant incorporates all attachments as part of this Motion. For further reasons therefore, the Defendant states the following:

1

## FACTS

1. On or about June 24, 2019, Plaintiff filed an Amended Verified Complaint For Preliminary and Permanent Injunction against the Defendant "**Catherine Lee, as Trustee of the FUN SEN LEE TRUST**" and sanctioned the Defendant for code violations located at 29-33 Edinboro Street, Boston MA (herein after the "Premises"). See Exhibit A.

2. Neither Catherine Lee nor Wilson Lee was named as an individual Defendant in Plaintiff's Complaint. See Exhibit A. See also Affidavit of Catherine Lee and Affidavit of Wilson Lee.

3. Neither Catherine Lee nor Wilson Lee was ever personally or individually served with the Complaint or Summons as a Defendant/s in Plaintiff's Complaint dated June 24, 2019. See Exhibit A.

4. Defendant Fun Sen Lee Trust and its Trustee were nullities at the time Plaintiff filed the Verified Complaint. See Attorney Schrier's admission in paragraph 13 of his Motion where he asserted that Fun See Lee Trust was in fact terminated in 2008. See Exhibit B.

5. According paragraph 4 of the Declaration of Trust of the Fun Sen Lee Trust, …." the Trust shall terminate in any event twenty(20) years from the date hereof ." See Exhibit C.

6. Paragraph 13 of Attorney Schrier's Motion, admitted that the Fun Sen Lee Trust as recorded in Book 14558, Page 004 "expired by its terms on February 14, 2008". See Exhibit B.

7. The appropriate Defendants in Plaintiff's action should have been Catherine Lee, individually as beneficiary and Wilson Lee, individually as beneficiary of the Fun Sen Lee Trust. See Exhibit D.

8. Wilson Lee was never served with the summons and complaint. He was never provided with notices of the hearings nor was he present during the multiple Court hearings regarding the violations pertaining to 29-33 Edinboro Street (herein after "Premises"), Boston, MA 02111. See Affidavit of Wilson Lee.

9. On or about August 26, 2020, the Court appointed a Receiver for the Premises owned by the non-existing Defendant. The Court based her decision on "…the defendant has been granted repeated opportunities to correct code violation…. " .See Exhibit D. The Courts have consistently characterized the appointment of a receiver as remedy of "last resort." Perez v. Boston Hous. Auth., 379 Mass. 703, 733, 400 N.E. 2d 1231, 1249 (1980). "The appointment of a receiver, while a familiar instrument of equity, is an extraordinary remedy." Easthampton Savings Bank v. Springfield, 470 Mass. 284, , ,.21 N.E.3d 922 (2014). Receivership is "sparingly invoked." Lopez v. Medford Community Center, Inc., 384 Mass. 163, 169, 424 N.E. 2d 229 (1981). The extraordinary remedy of an appointment of a Receiver is only justified when there is a clear showing of "emergency exists, in order to protect the interests of the plaintiff in the property." Capital Fin., LLC v. 22 Maple St., LLC, 295 F. Supp. 3d19, citing Commodity Futures Trading Com. V. Comvest Trading Corp., 481 F. Supp. 438, 441 (D. Mass. 1979.) The Defendant could not have been "granted" any opportunities since the Plaintiff had erroneously filed a verified complaint by wrongfully declaring the Defendant as the the non-existent trustee of a trust that terminated in 2008. See paragraph 13 of Attorney Schrier's Motion in Exhibit B. This Receiver appointment deprived the true owners of the Premises due process under the law. See also Exhibit G.

10. Well respected structural engineer with over twenty years of experience, Mr. Arthur Choo, had inspected the premises multiple times and determined that the Premises is not a danger to the community. See Exhibit E.

11. Currently, neither Catherine Lee nor Wilson Lee have any legal relationship to the premises as a result of recent estate planning conveyance. See Exhibit F.

## ARGUMENTS

### I. PLAINTIFF'S FAILURE TO COMPLY WITH RULE 4 &7 OF THE FEDERAL AND MASSACHUSETTS RULES OF CIVIL PROCEDURE MANDATES A DISMISSAL PUSUANT TO 12(B)(4) AND 12(B)(5)

**A.   The Plaintiff's complaint must be dismissed under Rule 12(b)(4) due to insufficient process under Rule 4 of the Massachusetts Rules of Civil Procedure.** Hoffman v. Bailey, 996 F. Supp. 2d 477, 481. Rule 4 of the Massachusetts Rules of Civil Procedure that governs summons specified the requirement that summons and complaint be directed to the defendant which must state the time and Court which the defendant must appear and defend themselves. Rule 4 mandates that a summons be served, via constable or certified mail, on the defendant with a copy of the complaint. In this instance, the true owners of the premises, Catherine Lee and Wilson Lee, were never served or notified individually. The Plaintiff's complaint failed to properly name the true owners of the Premises. The true owners of the Premises, Catherine Lee and Wilson Lee never had the opportunities to attend the hearings as the Court had reasoned in its order for the appointment of Receiver and they certainly could not have

4

been "granted" opportunities as stated in the Court's order. See Affidavit of Catherine Lee and Affidavit of Wilson Lee and Court order in Exhibit D.

B. **The complaint must be dismissed under Rule 12(b)(5) because Plaintiff's summons and complaint wrongfully named Fun Sen Lee Trust and its trustee as the Defendant, and thus violated Rule 7 of the M.R. Civ. P.** Gartin v. Par Pharm. Cos., Inc., 289 Fed. Appx. 688, 691 n.3. (5th Cir. 2008) (citing 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353). "In the absence of valid service of process, proceedings against a party are void." Thomas v. New Leaders for New Sch., 278 F.R.D. 347, 350 (E.D. La. 2011) (quoting Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981)). Plaintiff's service on Catherine Lee as Trustee of the Fun Sen Lee Trust failed to meet the " legal sufficiency of the service of process." Quinn v. Miller, 470 Fed. Appx. 321, 323 (5th Cir. 2012); Holly v. Metro. Transit Auth., 213 Fed. Appx. 343, 344 (5th Cir. 2007). In effect "the mode of delivery or the lack of delivery of the summons and complaint" on the true owners of the Property Gartin, 289 Fed. Appx. at 691 n.3 (citing 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353) entitles a dismissal; see also Hayward v. Douglas, No. 07- 72-FJP-DLD, 2010 WL 128320.

Rule 12(b)(5) mandates a dismissal of a claim when service of process was not timely made in accordance with Rule 4 or was not properly served in the appropriate manner. Thomas v. New Leaders for New Sch., 278 F.R.D. 347, 350 (E.D. La. 2011), 278 F.R.D. at 349-50 (citing Wallace v. St. Charles Parish Sch. Bd., No. Civ.A.04-1376, 2005 WL 1155770. "The party making service has the burden of demonstrating its validity when a Rule 12(b)(5) objection to service is made." Quinn, 470 Fed. Appx. at 323 (citing Carimi v. Royal Carribean Cruise Line,

Inc., 959 F.2d 1344, 1346 (5th Cir. 1992)); see also Hayward, 2010 WL 128320, (citing Sys. Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011 (5th Cir. 1990)).

When considering a motion to dismiss pursuant to Rule 12(b)(5), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Lisson v. ING GROEP N.V., 262 Fed. Appx. 567, 570 n.2 (5th Cir. 2007) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); McClinton v. Delta Pride Catfish, Inc., 982 F. Supp. 417, 418 (N.D. Miss.1997)). Unless the City of Boston Inspectional Services Department produced signed return of service by Catherine Lee and Wilson Lee, Plaintiff cannot deemed in compliance with both Rule 4 and Rule 7 of M.R.Civil P. and the Plaintiff's complaint must be dismissed." See Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008); Hahn v. Bauer, No. 09-2220, 2010 WL 396228, at (D. Minn. Jan. 27, 2010)(Ericksen, J.)).

## II. IMPOSITION OF A CRIMINAL OR CIVIL COMPLAINT VIA DEFECTIVE SERVICE OF PRECESS IS A CLEAR CONSTITUTIONAL INFRINGEMENT AND VIOLATION OF DUE PROCESS UNDER THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT

In addition to the violations of the Massachusetts Civil Rights Act the Massachusetts Uniform Custodial Trust Act, the imposition of a Receiver on the Premises without notice to the rightful owners violated their equal protection under the United States Constitution. When the Fun Sen Lee Trust terminated in 2008, as emphasized in Receiver, Stuart T. Schrier, Esq. Motion To Add Esther Zee Lee, Trustee Of the Lee Family Trust, Catherine Lee and Wilson Lee

automatically became individual and separate legal owners of the Premises pursuant to Chapter 203 B of the Massachusetts Uniform Custodial Trust Act. Neither Catherine Lee nor Willson Lee were ever served or notified for the Court hearings that they were entitled to pursuant to the Massachusetts Civil Rights Act. See affidavits of Catherine Lee and Wilson Lee. The Constitutional due process rights under the equal protection clause of both Catherine Lee and Wilson Lee were severely prejudiced and denied. The Plaintiff denied them the right to defend themselves before the Court as the rightful owners of the Premises. The appointment of a Receiver in conjunction with the denial of due process is a clear violation of the Massachusetts Civil Rights Act. Also see Exhibit F, Defendant's Opposition To The Appointment of a Receiver. "A Motion to Dismiss for insufficient process under Rule 12(b)(4) should be granted ' when the defect is prejudicial to the defendant. Otherwise the court should generally allow an amendment of the process to correct the defect.'" Williams v. Waffle House, No. 10-00357-JJB-DLD, 2010 WL 3418257, at (M.D. La. Aug. 26, 2010) (quoting 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (2d ed. 2002)).

III. THE COMPLAINT MUST BE DISMISSED PURSUANT TO M.R. CIVIL P. RULE 12(B)(2) BECAUSE DEFENDANT FUN SEN LEE TRUST NAMED IN THE COMPLAINT WAS A NULLITY

"'Jurisdiction' refers to 'a court's adjudicatory authority.'" Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160 (2010) (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)) to exercise its power

7

over the person subject to suit. "A court must have both subject matter and personal jurisdiction before determining the validity of a claim. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994). The Plaintiff, who invoked this court's jurisdiction on Fun Sen Lee Trust bears the burden of establishing that a defendant has the requisite minimum contacts with the forum state to justify the court's jurisdiction." Herman v. Cataphora, Inc., 730 F.3d 460, 464 (5th Cir. 2013) (citing Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999)). The City of Boston Inspectional Services Department thus bears the burden of proving personal jurisdiction when the Fun Sen Lee Trust was actually terminated in 2008. Luv N' Care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006). When the Court lacks personal jurisdiction, it must dismiss the action pursuant to R. Civ. P. 12(b)(2); since without personal jurisdiction, the court is powerless to proceed to an adjudication. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). Couple with the fact that neither Catherine Lee nor Wilson Lee are current title owners of the Premises, this Court cannot possibly exercise its jurisdiction over a non-existent entity, the Fun Sen Lee Trust or the non-existing trustee of the Fun Sen Lee Trust as admitted by the Receiver, Attorney Stuart Shrier in his Motion to Add Ester Lee, as Trustee of the Lee Family Trust. See Affidavits of Catherine Lee and Wilson Lee. See also Attorney Stuart Shrier's Motion To Add Ester Lee in Exhibit B.

### IV. EVEN IF THE RIGHTFUL OWNERS WERE IDENTIFIED AND SERVED, EMERGERCY BUILDING CODE VIOLATIONS HAVE MOSTLY BEEN ADDRESSED

See attached Exhibit G, Defendant's Opposition To the Appointment of a Receiver.

/s/ Mary K. Y. Lee
Mary K. Y. Lee (BBO #671592)
Mary K. Y. Lee PC
52 Temple Place, Fourth Floor
Boston, MA 02111
(617)426-1689
866-221-2846(fax)
marykylee@marylee-law.com(email)

Dated: October 6, 2020

## CERTIFICATE OF SERVICE

I, Mary K. Y. Lee, hereby certify that this document filed through the ECF system is sent electronically to all counsels, Edward Coburn, Esq., Neil R. Janlewicz, Jr. Esq., Stuart Schrier, Esq.

Dated: October 6, 2020                    /s/ Mary K. Y. Lee

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.　　　　　　　　　　　　　　　　HOUSING COURT DEPARTMENT
　　　　　　　　　　　　　　　　　　　　　　　EASTERN DIVISION
　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 19-CV-000374

CITY OF BOSTON INSPECTION. )
SERVICES DEPARTMENT, )
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　)
CATHERINE LEE, as )
Trustee of the FUN SEN LEE TRUST )
　　　　　　Defendant. )
　　　　　　　　　　　　　　)

## AFFIDAVIT OF CATHERINE LEE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Now comes Catherine Lee and, making this affidavit under the penalties of perjury, states that the allegations made below are true of her own knowledge.

1. My name is Catherine Lee of Newton Massachusetts.

2. I was the Trustee of Fun Sen Lee Trust before its Termination in 2008 as confirmed by Attorney Shrier's "Motion To Add Esther Zee Lee, Trustee Of The Lee Family Trust". I was not aware that the Trust had terminated in 2008 prior to reading Attorney Shrier's Motion because there was an amendment to the Trust that was never recorded. Moreover, an estate planning attorney recently informed me that the amendment was invalid since it was never recorded.

3. I am also the beneficiary of the Fun Sen Lee Trust. So when the Trust automatically terminated in 2008, I automatically became one the co-owners of 29-33 Edinboro(herein after "Property"), Boston MA.

4. When I received the summons to go to Housing Court on this case on or before June, 2019, I was never informed that I was being sued as an individual owner of the Property.

5. The summons and complaint that I received were addressed to the Fun Sen Lee Trust.

6. In fact, when I was in Court as a Trustee of the Fun Sen Lee Trust, the Court explicitly informed me that I needed a lawyer because I was the Trustee of the Trust and the law required that Trust be represented by a lawyer. Furthermore, when I wanted to represent myself, the Court informed me that I can not represent myself because the complaint was not against me personally as the owner.

7. At no time since June, 2019 did I receive summons or any notices from the City of Boston Inspection Services Department to appear in Court as an individual or as the owner of 29-33 Edinboro. Nor have I ever received any documents from ISD that I was personally being sued as an owner of 29-33 Edinboro for building code violations.

8. Because only the Fun Sen Lee Trust is involved, as I was informed by the Court, and I was represented by the lawyer as instructed by the Court, I was not required to attend all the hearings.

9. Had I known that I was being sued personally, I would have been at each and every hearing. I was definitely singled out when I was not served to appear in Court while other defendants of the City of Boston Inspectional Services Department were properly served. My life and my rights matter!

10. It is my constitutional right to be informed when I am being sued as an individual and it is certainly my constitutional right to attend all the hearings against me, especially when it is a potential criminal code violation of my property.

11. My constitutional rights have been deprived and denied when I was not properly noticed of the suit as an individual.

12. Because of family reasons, I am no longer an owner of the Property. I conveyed the Property to The Lee Family Trust.

13. I am neither a Trustee nor beneficiary of The Lee Family Trust.

14. I have no relationship whatsoever to the Property at this time.

15. It will be a travesty of justice if I am not dismissed from this potential criminal liability.

16. The Court should dismiss me as Trustee of Fun Sen Lee Trust and The Fun Sen Lee Trust because the Trust did not even exist at the time the Verified Complaint was filed by the City of Boston Inspectional Services Department.

_____
Catherine Lee

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              HOUSING COURT DEPARTMENT
                                                          EASTERN DIVISION
                                                          CASE NO. 19-CV-000374

| | |
|---|---|
| CITY OF BOSTON INSPECTION. SERVICES DEPARTMENT, Plaintiffs, | ) ) ) ) |
| v. | ) ) |
| CATHERINE LEE, as Trustee of the FUN SEN LEE TRUST Defendant. | ) ) ) ) |

## AFFIDAVIT OF WILSON LEE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Now comes Wilson Lee and, making this affidavit under the penalties of perjury, states that the allegations made below are true of his own knowledge.

1. My name is Wilson Lee of Newton Massachusetts.

2. I was the beneficiary of the Fun Sen Lee Trust. So when the Trust automatically terminated in 2008 as confirmed by Attorney Shrier in his Motion To Add Esther Zee Lee, Trustee Of The Lee Family Trust, I automatically became one the co-owners of 29-33 Edinboro, Boston MA pursuant to the Massachusetts Uniform Custodial Trust Act.

3. At no time since June, 2019 did I receive summons or any notices from the City of Boston Inspection Services Department to appear in Court as an individual or as the owner of 29-33 Edinboro. Nor have I ever received any documents from ISD that I was personally being sued as an owner of 29-33 Edinboro (hereinafter "Property") for building code violations.

4. Had I known that I was being sued personally or sued as an owner of the Property, I would have attended each and every hearing.

5. On multiple occasions, I was informed by the Plaintiff's attorney that I have no right to be in Court because I have no relations to the Property. As a matter of fact, I do because I became an owner when the Trust terminated in 2008. The facts illustrated that I was singled out when I was not served to appear in Court while other defendants of the City of Boston Inspectional Services Department were properly served in accordance with the rules of law.

6. It is my constitutional right to be informed when I am being sued as an individual and it is certainly my constitutional right to attend all the hearings against me, especially when it is a potential criminal code violation against my property.

7. My constitutional rights have been deprived and denied when I was not properly noticed of the suit as an individual owner of the Property by the City of Boston Inspectional Services Department. My constitutional rights have been deprived and denied when I was discouraged to attend the Court hearings by the City of Boston Inspectional Services Department. My life and rights do matter! The conduct of the Plaintiff is a travesty of justice and a clear violation of the United States Constitution and the Massachusetts Civil Rights Laws.

8. Because of family reasons I am no longer an owner of the Property. I conveyed the Property to The Lee Family Trust.

9. I am neither a Trustee nor beneficiary of The Lee Family Trust.

10. I have no relationship whatsoever to the Property at this time.

_____
Wilson Lee