**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:20-11796-DJC**

|  |  |
|---|---|
| CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CATHERINE LEE as Trustee of the FUN SEN LEE TRUST and ESTHER Z. LEE as Trustee of the LEE FAMILY TRUST, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF, CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT'S MOTION TO REMAND TO STATE COURT AND INCORPORATED MEMORANDUM OF LAW**

**INTRODUCTION**

Now comes the City of Boston Inspectional Services Department ("ISD") and respectfully requests that this Honorable Court, pursuant to 28 U.S.C. § 1447, remand the above-captioned matter to the Boston Housing Court because this Court lacks subject matter jurisdiction. The Defendants, removed the instant case from the Boston Housing Court, asserting that this case raises federal questions over which this Court may exercise its original jurisdiction. However, as described in detail below, ISD's claims for relief asserted in the Boston Housing Court action are based solely on Massachusetts law regarding the State Building and Sanitary Codes. ISD's allegations below do not raise issues of federal constitutional, statutory, or regulatory law. Accordingly, this Court lacks subject matter jurisdiction, removal was improper,

and this case should be remanded to the Boston Housing Court for the remainder of the proceedings.

## FACTUAL BACKGROUND

The City of Boston Inspectional Services Department ("ISD") is the municipal agency charged with enforcement of the State Building Code (780 C.M.R. *et seq.*, pursuant to M.G.L. c. 143 § 1 *et seq.*). Pl's First Amended Verified Complaint For Preliminary and Permanent Injunction ¶ 1, June 24, 2019, ECF No. 1-2.  On June 24, 2019, ISD commenced an action in the Boston Housing Court to enforce the Building Code as to the Defendants by filing an First Amended Verified Complaint for Preliminary and Permanent Injunction. (the "Complaint"). ECF 2 at 2-3.

The Complaint requested that the Housing Court afford ISD the following relief:  (1) That the Court issue an Issue of Order of Notice for Defendants to appear in the Eastern Division of the Housing Court and show cause why a Preliminary and Permanent Injunction should not issue against them; (2) that the Court order the Defendant to take all steps necessary to immediately correct the Building Code and Fire Code violations at the property by including but not limited to, applying for and securing a permit to make the building safe and code compliant; (3) that the Court impose fines pursuant to the State Building Code and the State Fire Code in the amount the Court deems just and appropriate; and (4) that the Court award other such relief as is deemed just and proper.  See id at 5.

On August 19, during a status hearing at the Boston Housing Court in front of Judge Bagdoian, it came to light that permitting of corrective work had been stalled because the Court-approved project manager had been denied communications with a key consultant by Wilson Lee. Aff. of Neil R. Janeuliwicz Jr., ¶ 3, ECF No. 3.  Because of the continued delays caused by

the Defendants and Wilson Lee, Judge Bagdoian asked the Plaintiff to file a Motion for the Appointment of a Receiver, which was filed at that time with a hearing scheduled for the following week. ¶ 5, Id.; Plaintiff's Motion for the Appointment of a Receiver, ECF No. 4.

At the August 26th hearing at the Boston Housing Court, Judge Bagdoian directed the Plaintiffs to move for the appointment of a Receiver. ¶ 6, id.  Later that afternoon, the property at issue was transferred to a separate family trust. ¶ 7, id.   The Court issued a written order appointing Stuart Schrier as receiver on September 11, 2020. Order Appointing Receiver, ECF No. 5. The Receiver subsequently moved to add the new family trust to the Complaint and to amend the Order of Appointment to include all standard language for such an order. Receiver's Motion to Add Esther Z. Lee, Trustee of the Lee Family Trust, ECF No. 6 at 1-3.  On the afternoon prior to the hearing on the Receiver's motions, the Defendants filed a Motion to Reconsider the Appointment of the Receiver and a Motion to Dismiss the Amended Complaint. that had been filed in June 2019.  , ECF No. 7 Def's Motion to Dismiss Plaintiff's First Amended Complaint for Preliminary Injunction and Permanent Injunction and Memorandum of Law Incorporated Herein, Id. at 3-100.  Defendants have since also filed identical motions with this Court.

At the hearing on the Receiver's Motions on September 29, 2020 the Judge added the new family trust as a party and issued the Amended Receivership Order. ECF No. 8.  The Defendants responded by filing a Notice of Appeal and a Motion to Stay in the Housing Court and the Notice of Removal at issue in this Court. ECF No. 1, Def's Notice of Appeal, ECF No. 9, Def's Motion to Stay First Amended Order Appointing Receiver Pending Appeal, ECF No. 10.

On October 6, the Defendants removed the Boston Housing Court case to Federal district court pursuant to 28 U.S.C. §§ 1331 and 1446.  Def's Notice of Removal, ECF No. 1.

Defendants acknowledge in their Notice of Removal that the they are in fact the Defendant in the matter and have the responsibility of responding to the allegations in the Plaintiff's Complaint and asserting Affirmative Defenses within their response. Id. at ¶ 1. The Defendants argue that this Court has original jurisdiction because his defense poses a federal question, to wit, "whether the Defendants have been afforded due process." Id. at ¶ 4.

For the reasons that follow, this Honorable Court should remand this case back to the Boston Housing Court because no federal question exists within the four corners of ISD's TRO Application.

## STANDARD OF REVIEW

The federal court system is one of limited subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts may exercise jurisdiction only where expressly authorized by the Constitution or federal statute. Id. A state court case may be removed to Federal district court pursuant to 28 U.S.C. § 1441(a) so long as the district court could have had original jurisdiction over the proceedings. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party seeking federal question jurisdiction bears the burden of proving the existence of a federal question. BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am, IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997). The removal statute ought to be strictly construed, and any doubts regarding the propriety of removal are resolved against removal. In re Whatley, 396 F. Supp. 2d 50, 53 (D. Mass. 2005).

## ARGUMENT

The Defendants fails to meet their burden of proof that this Court has federal question jurisdiction over ISD's Amended Complaint to enforce the State Building Code.  The substance within all four corners of ISD's Amended Complaint demonstrates that ISD's claims for relief are confined to the State Building Code and ISD's power to enforce the State Building Code pursuant to Massachusetts state law, 780 C.M.R. *et seq.*, pursuant to M.G.L. c. 143 § 1 *et seq.*

Federal question removal is only appropriate when a state court plaintiff's claims for relief rest upon a federal right.  Rosselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004).  Known commonly as the well-pleaded complaint rule, removal may only lie when it is clear from the plaintiff's complaint, and complaint alone, that there is an issue or question arising from the Constitution or other federal law or treaty.  Narragansett Indian Tribe of R.I. v. Rhode Island, 407 F.3d 450, 455 n.1 (1st Cir. 2005).  "[T]he plaintiff is a master of his complaint and… a case cannot be removed if the complaint's allegations are premised only on local law." Negrón-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 6 (1st Cir. 2008).

A reading of ISD's Amended Complaint unequivocally demonstrates that ISD sought relief pursuant only to provisions of Massachusetts state law permitting ISD to take action to enforce the State Building Code. In its Amended Complaint, ISD cited 780 C.M.R. *et seq.*, pursuant to M.G.L. c. 143 § 1 *et seq*, which provide for local investigation and enforcement of violations of the State Building Code.  It was pursuant to these state laws and regulations, only, that ISD moved the Boston Housing Court for immediate relief.

Looking only at ISD's Amended Complaint, this Court lacks subject matter jurisdiction over the claims made by the Plaintiff because no federal issues exist on the face of the Amended Complaint.  This Court would not have had original jurisdiction to preside over ISD's request to cure violations of the State Building Code existing on the Defendants' property had ISD filed the

underlying Amended Complaint in the Federal district court in the first instance.  ISD's claims for relief are neither based on the Constitution or other federal laws or regulations, nor turn on questions of federal constitutional or statutory law.  Accordingly, removal cannot lie.  See 28 U.S.C. § 1441(a).

The Defendants' argument raised in the Notice of Removal that their due process rights are being violated does not provide him an avenue into Federal court.   It is well-established that the existence of a defense or counterclaim raised by the removing defendant is not sufficient to establish federal question jurisdiction.  Rosselló-González, 398 F.3d at 10 ("the court is to look only to *plaintiff's complaint* to find the answer . . . . The existence of a federal defense is not sufficient for removal jurisdiction") (alterations in original).

This Court is confined to ISD's Amended Complaint to determine whether this Court may exercise federal question jurisdiction.  It is clear from the face of the Amended Compaint that there are no proper federal questions posed by ISD's claims for relief.  Therefore, pursuant to 28 U.S.C. § 1447, this Court should remand this case back to the Boston Housing Court.  See Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp. 2d 123, 126 (D. Mass. 2009) ("A case must be remanded if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction.") (internal quotations and citations omitted).

## **CONCLUSION**

For the foregoing reasons, the Plaintiff, City of Boston Inspectional Services Department, requests that this Honorable Court allow its Motion to Remand and remand this case back to the Boston Housing Court pursuant to 28 U.S.C. § 1447.

        Respectfully submitted,

        CITY OF BOSTON
        INSPECTIONAL SERVICES
        DEPARTMENT,

        By its attorney,
        Eugene O'Flaherty
        Corporation Counsel


        /s/ Robert S. Arcangeli
        Robert S. Arcangeli (BBO #689034)
        Assistant Corporation Counsel
        City of Boston Law Department
        One City Hall Square, Room 615
        Boston, MA 02201
        (617) 635-4044
        robert.arcangeli@boston.gov

Dated:  October 20, 2020


## **LOCAL RULE 7.1 CERTIFICATION**

    I, Robert Arcangeli, hereby certify that I have conferred with the Defendants' Counsel to attempt to resolve or narrow the issues presented in the City of Boston Inspectional Services Department's Motion to Remand.


        /s/ Robert S. Arcangeli
        Robert S. Arcangeli

Dated:  October 20, 2020

**CERTIFICATE OF SERVICE**

    I, Robert Arcangeli, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on October 20, 2020.

/s/ Robert S. Arangeli<br>Robert S. Arcangeli

Dated: October 20, 2020