## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON INSPECTION.<br>SERVICES DEPARTMENT,<br>　　　　　Plaintiff,<br><br>v.<br><br>CATHERINE LEE, as<br>Trustee of the FUN SEN LEE TRUST,<br>And ESTHER Z. LEE AS TRUSTEE<br>OF THE LEE FAMILY TRUST<br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO. 1:20-11796-DJC

## DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF, CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT'S MOTION TO REMAND TO STATE COURT ( MEMORANDUM OF LAW INCORPORATED)

NOW COMES the Defendants, respectfully request this Court to retain this case in the Federal Court as this case is about the required Constitutional procedural process that the Defendants are entitled to in connection with the Complaint/Amended Complaint filed by the City of Boston Inspectional Services Department "ISD" and Plaintiff's imposition of a Court ordered Receiver without procedural due process. Proper service under both the Massachusetts and Federal Rules of Civil Procedure is a mandatory requisite prior to any law suit. The Constitutional mandate to comply with Rules of Civil Procedure is neither a defense nor a counterclaim but a requisite that the Plaintiffs cannot omit prior to advancing any legal proceeding against a Defendant. Thus Constitutional issues are intrinsically intertwined with Plaintiff's Complaint against the Defendants and that this Court has subject matter over this case .

1

# FACTUAL BACKGROUND

1. On or about June 24, 2019, Plaintiff filed an Amended Verified Complaint For Preliminary

   and Permanent Injunction against the Defendant "**Catherine Lee, as Trustee of the FUN**

   **SEN LEE TRUST**" and declared the Defendant for code violations located at 29-33

   Edinboro Street, Boston MA (herein after the "Property"). ECF No. 10

2. Neither Catherine Lee nor Wilson Lee was named or served as an individual Defendant in

   either Plaintiff's Initial or Amended Complaint. ECF No. 10.

3. Plaintiff did not provide proof that either Catherine Lee or Wilson Lee was ever personally or

   individually served with the Complaint or Summons as a Defendant in Plaintiff's Complaint.

   In fact, Wilson Lee at some point was discouraged by the Plaintiff to attend some of the

   Court hearings. Affidavit of Wilson Lee. Hemispherx Biopharma, Inc. v. Johannesburg

   Consol. Invs., 553 F.3d 1351, 1360 (11th Cir.2008) ("**Service** of **process** is a

   jurisdictional **requirement**: a court lacks jurisdiction over the person of a defendant when

   that defendant has not been served" (quotations and citation omitted)). The plaintiff must also

   demonstrate that the Court's exercise of personal jurisdiction over the defendant comports

   with the United States Constitution. See Int'l Shoe Co. v. State of Wash., Office of

   Unemployment Comp. & Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95

   (1945).Waters v. Day & Zimmermann NPS, Inc., No. CV 19-11585-NMG, 2020 WL

   2924031, at *3 (D. Mass. June 2, 2020), motion to certify appeal granted, No. CV 19-11585-

NMG, 2020 WL 4754984 (D. Mass. Aug. 14, 2020) Rule 4 has been drafted to meet

constitutional requirements. See also Sniadach v. Family Finance Corp., 395 U.S. 337

(1969). Named Defendant Fun Sen Lee Trust and its Trustee did not even exist at the time

Plaintiff filed the Verified Complaint. Fun Sen Lee Trust as recorded in Book 14558, Page

004 "expired by its terms on February 14, 2008". ECF No. 10, Exhibit 4.

4. Defendants in Plaintiff's action are subject to Massachusetts Rules of Civil Procedure for

Service . Wilson Lee was never served with the summons and complaint. He was never

provided with notices of the hearings nor was he present during the multiple Court hearings

regarding the violations of 29-33 Edinboro Street (herein after "Premises"), Boston, MA

02111. Affidavit of Wilson Lee.

5. On August 19, 2020, the Project Manager informed the Court that the renovation was

progressing and the person communicating with a consultant was Wilson Lee. Affidavit of

Arthur Choo.

6. On or about August 26, 2020, the Court orally appointed a Receiver based

on  "…the defendant has been granted repeated opportunities to correct code violation…. " .

ECF No. 7, Exhibit D.  Receivership has been characterized as remedy of "last resort." Perez

v. Boston Hous. Auth., 379 Mass. 703, 733, 400 N.E. 2d 1231, 1249 (1980). "The

appointment of a receiver, while a familiar instrument of equity, is an extraordinary remedy."

Easthampton Savings Bank v. Springfield, 470 Mass. 284, , ,.21 N.E.3d 922 (2014).

Receivership is "sparingly invoked." Lopez v. Medford Community Center, Inc., 384 Mass.

163, 169, 424 N.E. 2d 229 (1981). The extraordinary remedy of an appointment of a

Receiver is only justified when there is a clear showing of "emergency exists, in order to protect the interests of the plaintiff in the property." Capital Fin., LLC v. 22 Maple St., LLC, 295 F. Supp. 3d19, citing Commodity Futures Trading Com. V. Comvest Trading Corp., 481 F. Supp. 438, 441 (D. Mass. 1979.)

7. Due to estate planning, the property was transferred to Lee Family Trust with Esther Zee Lee as Trustee. Affidavit of Catherine Lee. Affidavit of Esther Zee Lee.On September 11, 2020, a written order for the appointment of a Receiver (selected from the Court's own list) ECF No. 10. Exhibit 1. was issued without property notice in compliance with Massachusetts Rules of Civil Procedure to Trustee of Lee Family Trust. Affidavit of Esther Lee. The Fourteenth Amendment's Due Process Clause also requires that a defendant receive adequate notice that a lawsuit has been brought against him and have the opportunity to respond. *See* Mullane v. Cent. Hanover Tr. Co., 339 U.S. 306, 313-14 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Rule 4 of Massachusetts or Federal Rules Civil Procedure. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant.") (citing Kulko v. Superior Court, 436 U.S. 84, 91 (1978)). "A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere." *Id.* (citation omitted).

8. Before any court may exercise jurisdiction over a defendant, the

procedural **requirements** of **service** of **process** must be satisfied." <u>Aly v. Mohegan Council–</u> <u>Boy Scouts of Am.</u>, Civil Action No. 08–40099–FDS, 2009 WL 3299951, at *1 (D.Mass. Apr. 20, 2009). When "the sufficiency of process is challenged under Rule 12(b)(5), ... [the] plaintiff bears 'the burden of proving proper service.' " <u>Id.</u> at *2 (quoting <u>Lopez v.</u> <u>Municipality of Dorado</u>, 979 F.2d 885, 887 (1st Cir.1992)). In this instance, the Defendants Catherine Lee and Wilson Lee were never served since the Fun Sen Lee Trust was terminated .Before a  court may exercise personal jurisdiction over a defendant, theprocedural **requirements** of **service** of **process** must be satisfied. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Rule 4 sets forth the acceptable methods by which **service** of **process** can be effected. The **Massachusetts** rules for service are substantially similar to the other three options under the federal rules." <u>Mukherjee v. Blake</u>, Civil Action No. 12–11381–FDS, 2013 WL 2299521, at *2 (D.Mass. May 24, 2013). Plaintiff failed to meet their burden of establishing proper **service** of **process** upon the Defendants.  The Defendants never waived their rights for proper service and the Plaintiff have not attempted to establish good cause for their failure to effectuate proper service within the time **required** under Rule 4.

9.  A hearing was held on September 29, 2020 without complying with Rule 4 of Massachusetts Rules of Civil Procedure to Provide Esther  Zee Lee. Despite the fact that Defendant Ester Lee/ Lee Family Trust was not notified  of the September 29 hearing,  Esther Zee Lee, Trustee of the Lee Family Trust was added as a Defendant and a Receiver Order was issued and recorded with the Suffolk County Registry of Deeds. Exhibit 1. ECF No. 10 Page 3. Esther Lee did not retain this Counsel until October. Affidavit of Esther Zee Lee.

10. On September 30, 2020, First Amended Order Appointing Receiver was recorded at the
Suffolk County Registry of Deeds. Book 63877, Page 1. See Exhibit 1. The Order was
certified by Acting Clerk Magistrate on September 30, 2020. Pursuant to the Order, "Ester
Zee Lee, Trustee of the Lee Family Trust, must be added to this action as an additional
Defendant in order to effectuate the purposes of the receivership" See Exhibit 1 Page 3.
Among the other expressed authorities for the Receiver as articulated by the Order, the
Receiver is to "take possession and control of the property...." And the Receiver to charge a
fee approved by the Court from the account of the Defendant Lee Family Trust. See Exhibit
1. The Receiver was appointed without prior notice to Ester Zee Lee in violation of
Massachusetts and Federal Rules of Civil Procedure were complied with. Plaintiffs added
Esther Zee Lee to circumvent the service requirement.

11. There really is no other rational explanation for Plaintiff's conduct to treat the her/Lee
Family Trust differently from all other defendants. The Court in *Haile*, 657 F.2d at 821, 826
held that the due process aspects of service of process in that case were to be examined under
Mullane v. Central Hanover Bank and Trust, 339 U.S. 306 (1950). The Court
in *Haile* concluded that service of process, is one of fairness and notice under the Fifth
Amendment. That is, the court should ask whether the service was reasonably calculated to
inform the defendants of the pendency of the proceedings against them in order that they
might take advantage of the opportunity to be heard in their defense, if it is proven that
service is made in accordance to Fed. R. Civ. P. 4 (similar to Massachusetts R. Civ. P. 4),
then such service would meet this fairness and notice standard. U.S. Const. amend. V
specifically stated "[N]or shall any person . . . be deprived of life, liberty, or property,

without due process of law . . ."

## ARGUMENTS

Even if Plaintiff's initial Complaint did not raise federal questions, immediately prior to the filing of the Removal petition, the Plaintiff's actions or inactions are clear violations of Defendants' due process under the Constitutional . ECF No. 10. It has long been established that "removal is determined by reference to the complaint at the time the removal petition was filed." Int'l Ins. Co. v. Red & White Co., No. C-93-0659 MHP, 1994 U.S. Dist. LEXIS 18101, at *5 (N.D. Cal. Dec. 12, 1994) (emphasis in original) (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 n.12 (9th Cir. 1989)); Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (holding that the right to removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal"); Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir. 2010) (holding that a plaintiff "cannot seek to deprive a federal court of jurisdiction" by subsequent changes "once the jurisdictional threshold has been satisfied"); Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."); United Farm Bureau Mut. Ins. Co. v. Metro. Human Relations Comm'n, 24 F.3d 1008, 1014 (7th Cir. 1994) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the Case petition for removal was filed."). This Court has subject matter jurisdiction of this case under the Constitution of the United States.

Supreme Court has made clear that the Fourth Amendment's protections against unreasonable searches and seizures extend to civil matters as well. Soldal v. Cook, County, Illinois, 506 U.S. 56, 67, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). Although still measured against the standards of probable cause, in the civil context, reasonableness is assessed less stringently than in a criminal context. Paramount Pictures Corp. v. Twentieth Century Fox Film Corp., 821 F. Supp. 82, 90 (E.D.N.Y.1993); see also Nixon v. Administrator of General Services, 408 F. Supp. 321, 366 (D.D.C.1976) (stating "there is considerable authority for the proposition that a less strict and particularized government showing is necessary to comply with the Fourth Amendment's reasonableness requirement when the search is entirely 'civil' in nature") Plaintiff's imposition of a Receiver without proper service of process involves a Fourth Amendment violation of the Constitution because the Defendants have a "reasonable expectation of privacy" in the Property searched. United States v. Gomez, 276 F.3d 694, 696–97 (5th Cir.2001). Here the Defendant Lee Family Trust have (1) an "actual, subjective expectation of privacy," in their possessive ownership of the real Property and (2) that the expectation is "one which society would recognize as reasonable." United States v. Kye Soo Lee, 898 F.2d 1034, 1037–38 (5th Cir.1990). It is reasonable for both Wilson Lee, Catherine Lee and the Lee Family Trust to have privacy expectation in their property because they all have possessory interest in the premises and that they the right to exclude others from the premises and they have a subjective expectation that their possession and legal title to the premises would remain free from governmental invasionGomez, 276 F.3d at 697–98 (quoting United States v. Haydel, 649 F.2d 1152, 1155 (5th Cir. Unit A July 1981)). Once the Plaintiffs/Court ordered the Receiver to take possession of the property, the possessory rights of the Defendants were lost. After appointment, the receiver was "vested with complete jurisdiction and control" of the property

8

and had the "right to take possession" of it. 28 U.S.C. § 754. The receiver was required to "manage and operate the property ... in the same manner" as its original owner. *Id.* § 959. The receiver became the possessor, and as such could consent to the search of the seized documents. *E.g., United States v. Brigham,* 382 F.3d 500, 512 (5th Cir.2004) (en banc). Without notice to the Lee Family Trust, the Plaintiffs caused the First Amended Order Appointing Receiver to be recorded at the Suffolk County Registry of Deeds on September 30, 2020. Exhibit 1.

Additionally, Plaintiff's failure to comply with requisite rules of Constitutional protected civil procedure may also be properly considered a "class of one" claim, as identified in *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). A "class of one" claim requires Defendants to show that they have been intentionally treated differently from others who are similarly situated and that there is no rational basis for that difference. *Campbell v. Rainbow City,* 434 F.3d 1306, 1314 (11th Cir.2006). This "similarly situated" standard is similar to the standard as applied in other contexts, such as employment discrimination. *See Griffin Indus. v. Irvin,* 496 F.3d 1189, 1204–05 (11th Cir.2007). The Plaintiff in all their other complaints filed comply with, at the minimum, the Massachusetts Rule of Civil Procedure. Here, the Defendants were never served according to both Massachusetts and Federal Rules of Civil Procedure. The existence of these standard procedures, requires the Plaintiff to apply these procedures equally and neutrally across all Defendants. The fact that the Defendants here were not served accordingly, have shown that the Plaintiffs treated them unequally as oppose to other Defendants that the ISD have filed complaints/injunctions against.

Here, the Defendants have met the requirements of a "class of one" claim, and they have therefore stated a claim for an equal-protection violation when the Plaintiff failed to serve them in accordance to Massachusetts R. Civ. Pro. R. 4. Just as with intentional discrimination based on any number of other characteristics, it surely violates the Equal Protection Clause to use government authority arbitrarily to apply different legal rules—rules that can result in monetary penalties and, potentially, incarceration—to similarly situated citizens. *see Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), liability may be imposed when federal rights are violated pursuant to official "policy or custom." *Id.* at 694, 98 S.Ct. 2018. Official policy can be established through a single decision by a municipal policymaker. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). It was clearly established that a person has a right to be free from "intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Olech,* 528 U.S. at 564, 120 S.Ct. 1073. It is unconstitutional intentionally to apply the Massachusetts Rules of Civil Procedure differently to similar citizens. *Cf. Hope v. Pelzer,* 536 U.S. 730, 739–41, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (holding that "officials can still be on notice that their conduct violates established law even in novel factual circumstances").

Finally, the Federal Court is required to retain jurisdiction when the party is seeking money damages. *See Deakins v. Monaghan,* 484 U.S. 193, 203–04, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ("…..the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."). When there is a claim for money damages for the alleged violations of constitutional rights, and it is unclear whether such damages are available in the state forum, the Court must retain jurisdiction over this aspect of the

case. *See Williams v. Hepting,* 844 F.2d 138, 144–45 (3d Cir.1988) ("[A] district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages ... when such relief is not available from the ongoing state proceedings.") (internal citation and quotation marks omitted); *Addiction Specialists,* 411 F.3d at 413 ("Where the availability of a claim in state court is questionable, our abstention jurisprudence weighs in favor of retaining jurisdiction.").

## CONCLUSION

Based on the foregoing reasons, this Court must deny Plaintiff's Motion To Remand the Housing Court as it is clear that this Court retains subject matter jurisdiction over this case.

Respectfully Submitted
CATHERINE LEE,
ESTHER Z. LEE AS TRUSTEE
OF THE LEE FAMILY TRUST,

By their attorney,

/S/     *Mary K. Y. Lee*

Mary K. Y. Lee (BBO #671592)
Mary K. Y. Lee PC
52 Temple Place, Fourth Floor
Boston, MA 02111
(617)426-1689
866-221-2846(fax)
marykylee@marylee-law.com(email)

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I Mary K. Y. Lee hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) on November 5, 2020 and that I have attempted to confer with Plaintiff's Counsel.


Dated: November 5, 2020                          /s/ Mary K. Y. Lee


                                                 _____

                                                 Mary K. Y. Lee

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON INSPECTION.                )<br>SERVICES DEPARTMENT,                        )<br>        Plaintiffs,                                      )<br>                         )<br>                         )<br>v.                                                          )<br>                         )<br>CATHERINE LEE, as                              )<br>Trustee of the FUN SEN LEE TRUST,   )<br>And ESTHER Z. LEE AS TRUSTEE        )<br>OF THE LEE FAMILY TRUST               )<br>        Defendant.                                     )<br>_____ ) | CIVIL ACTION NO. 1:20-11796-DJC |

## AFFIDAVIT OF ARTHUR CHOO

Under the pains and penalties of perjury, with personal knowledge, I state the following:

1. My name is Arthur Choo Jr. A.I. A, I am the principal of Choo and Company Inc. in Quincy Massachusetts.

2. I have been retained by the Defendant and continuously worked as the Project Manager for the renovation of the vacant property, 29-33 Edinboro Street (herein after "Premises"). Boston, MA 02111. My staff members, including structural engineers also contributed to my assessment of the premises.

3. I have personally inspected and evaluated the premises multiple times since last year; my most recent inspection and assessment of the premises was in late October.

4. It is my professional opinion, as I have stated to the Court on multiple occasions that the premises is NOT "posing any serious risk to the health, safety or well-being of occupants, abutters and residents of the community."

1

5. I was present via the telephone during the August 19, 2020 hearing at the Housing Court. Attorney Neil R. Janulewicz, Jr. had misinterpreted my statement. To the best of my knowledge, I've informed the Court that it was Wilson Lee who was having ongoing communications with many other team members working on the project. I did not state that I had been" denied communications with a key consultant by Wilson Lee." I stated that the Fire Protection Engineer hired by Wilson Lee had consistently failed to provide the necessary designs to obtain a building permit. They have since been terminated and the work has been completed by Zade Associates.

6. It is my understanding that no structural engineer from the City of Boston has ever visited the premises or made any assessment and determination as to the structural integrity of the premises.

7. We are making substantial progress with bringing the building up to code. At this time, we have submitted and are waiting for the Boston Water and Sewer Department to review our plans to connect the new sprinkler to the street. The current fire alarm and sprinkler is operational and has had its annual inspection. The debris has been cleaned. The structure has been repaired. Stairways are completed. Stairway enclosure is 75% completed.

Arthur Choo Jr.

Dated:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON INSPECTION. SERVICES DEPARTMENT, Plaintiffs, ) ) ) ) ) ) ) v. ) ) CATHERINE LEE, as Trustee of the FUN SEN LEE TRUST, And ESTHER Z. LEE AS TRUSTEE OF THE LEE FAMILY TRUST Defendant. ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:20-11796-DJC |

## AFFIDAVIT OF ESTHER Z. LEE

Now comes Esther Z. Lee and, making this affidavit under the penalties of perjury, states that the allegations made below are true of her own knowledge.

1. My name is Esther Z. Lee of Newton Massachusetts.

2. I am the Trustee of The Lee Family Trust. The Lee Family Trust is the owner of 29-33 Edinboro Street, Boston, MA.

3. I was never legally noticed by the Plaintiffs in their lawsuit or any Court filings involving 29-33 Edinboro Street, Boston MA.

4. I retained Attorney Mary K. Y. Lee around early October, 2020 and learned that I was joined in as a Defendant and a Receiver was imposed on my property.

_____  10/29/20

Esther Zee Lee

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **CITY OF BOSTON INSPECTION.** | ) | |
| **SERVICES DEPARTMENT,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO. 1:20-11796-DJC** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CATHERINE LEE, as** | ) | |
| **Trustee of the FUN SEN LEE TRUST,** | ) | |
| **And ESTHER Z. LEE AS TRUSTEE** | ) | |
| **OF THE LEE FAMILY TRUST** | ) | |
| **Defendant.** | ) | |
| | ) | |

## AFFIDAVIT OF CATHERINE LEE

Now comes Catherine Lee and, making this affidavit under the penalties of perjury, states

that the allegations made below are true of her own knowledge.

1. My name is Catherine Lee of Newton Massachusetts.

2. I was the Trustee of Fun Sen Lee Trust before its Termination in 2008 as confirmed by

   Attorney Shrier's "Motion To Add Esther Zee Lee, Trustee Of The Lee Family Trust". I

   was not aware that the Trust had terminated in 2008 prior to reading Attorney Shrier's

   Motion because there was an amendment to the Trust that was never recorded. Moreover,

   an estate planning attorney recently informed me that the amendment was invalid since it

   was never recorded.

3. I am also the beneficiary of the Fun Sen Lee Trust. So when the Trust automatically terminated in 2008, I automatically became one the co-owners of 29-33 Edinboro(herein after "Property"), Boston MA.

4. When I received the summons to go to Housing Court on this case on or before June, 2019, I was never informed that I was being sued as an individual owner of the Property.

5. The summons and complaint that I received were addressed to the Huey Lee, Trustee Fun Sen Lee Trust. Huey Lee is deceased.

6. In fact, when I was in Court as Trustee of the Fun Sen Lee Trust, the Court explicitly informed me that I needed a lawyer because I was the Trustee of the Trust and the law required that Trust be represented by a lawyer. Furthermore, when I wanted to represent myself, the Court informed me that I can not represent myself because the complaint was not against me personally as the owner. Also when I signed papers at the Housing Court, the caption of the case has always listed the Defendant such as Huey Lee/Catherine Lee, as Trustee of Fun Sen Lee Trust.

7. At no time since June, 2019 did I receive summons or any notices from the City of Boston Inspection Services Department to appear in Court as an individual or as the owner of 29-33 Edinboro. Nor have I ever received any documents from ISD that I was personally being sued as an owner of 29-33 Edinboro for building code violations.

8. Because only the Fun Sen Lee Trust is involved, as I was informed by the Court, and I was represented by the lawyer as instructed by the Court, I was not required to attend all the hearings.

9. It is my constitutional right to be informed when I am being sued as an individual and it is certainly my constitutional right to attend all the hearings against me, especially when it is a potential criminal code violation of my property.

10. My constitutional rights have been deprived and denied when I was not properly noticed of the suit as an individual and my rights were deprived when the Court imposed a Receiver on my property during renovations.

11. Because of family reasons, I am no longer an owner of the Property. I conveyed the Property to The Lee Family Trust.

12. I am neither a Trustee nor beneficiary of the The Lee Family Trust.

13. I have no relationship whatsoever to the Property at this time.

_____  10-29-20
Catherine Lee

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON INSPECTION.<br>SERVICES DEPARTMENT,<br>     Plaintiffs,<br><br>v.<br><br>CATHERINE LEE, as<br>Trustee of the FUN SEN LEE TRUST,<br>And ESTHER Z. LEE AS TRUSTEE<br>OF THE LEE FAMILY TRUST<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 1:20-11796-DJC

### AFFIDAVIT OF WILSON LEE

Now comes Wilson Lee and, making this affidavit under the penalties of perjury, states

that the allegations made below are true of her own knowledge.

1. My name is Wilson Lee of Newton Massachusetts.

2. I was the beneficiary of the Fun Sen Lee Trust. So when the Trust automatically

    terminated in 2008 as confirmed by Attorney Shrier in his Motion To Add Esther Zee

    Lee, Trustee Of The Lee Family Trust, I automatically became one the co-owners of 29-

    33 Edinboro, Boston MA pursuant to the Massachusetts Uniform Custodial Trust Act.

3. At no time since June, 2019 did I receive summons or any notices from the City of

    Boston Inspection Services Department to appear in Court as an individual or as the

    owner of 29-33 Edinboro. Nor have I ever received any documents from ISD that I was

    personally being sued as an owner of 29-33 Edinboro (hereinafter "Property")for building

    code violations.

4. On multiple occasions, I was informed by the Plaintiff's attorney that I have no right to be in Court because I have no relations to the Property. As a matter of fact, I do because I became an owner when the Trust terminated in 2008.

5. It is my constitutional right to be informed when I am being sued as an individual property owner and it is certainly my constitutional right to attend all the hearings against me, especially when it is a potential criminal code violation against my property.

6. My constitutional rights have been deprived and denied when I was not properly noticed of the suit as an individual and my rights were compromised when the Plaintiff/Court imposed a Receiver on my property.

7. Because of family reasons I am no longer an owner of the Property. I conveyed the Property to The Lee Family Trust.

8. Currently, I am neither a Trustee nor beneficiary of the The Lee Family Trust.

9. I have no relationship whatsoever to the Property at this time.

Wilson Lee                10-29-20